**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF  
**JOSE L. LINARES**  
JUDGE

MARTIN LUTHER KING JR.  
FEDERAL BUILDING & U.S. COURTHOUSE  
50 WALNUT ST., ROOM 5054  
P.O. Box 999  
Newark, NJ 07101-0999  
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

March 10, 2008

**Via Electronic Filing**

Helen Cooney Mueller, Esq.  
11 Susan Avenue  
Wayne, NJ 07470

Kellie A. Lavery, Esq.  
Reed Smith LLP  
136 Main Street, Suite 250  
Princeton, NJ 08543

Craig F. Turet, Esq.  
Spector Gadon & Rosen, PC  
1635 Market Street, 7th Floor  
Philadelphia, PA 19103

Sandhya M. Feltes, Esq.  
Kaplin, Stewart, Meloff, Reiter & Stein, PC  
350 Sentry Parkway, Building 640  
Blue Bell, PA 19422-0765

Gregg Philip Tabakin, Esq.  
Fein, Such, Kahn & Shepard, PC  
7 Century Drive, Suite 201  
Parsippany, NJ 07054

      Re:    **Schiano, et al., v. Bank of America Corp., et al.**  
              **Civil Action No.:07-4869 (JLL)**

Dear Counsel:

      The above-captioned matter, Schiano, et al. v. Bank of America Corp., et al., Civil Action No. 07-4869, was reassigned to this Court on February 13, 2008. This Court has closely reviewed the docket in this matter, and based upon the reasons that follow, finds that the claims raised therein arise from, and are substantially related to, those raised by the same Plaintiffs in Schiano, et al. v. MBNA, Corp., et al., Civil Action No. 05-1771 (JLL). Therefore, the Clerk's Office is directed to administratively terminate this matter as duplicative of Civil Action No. 05-1771.

**BACKGROUND**

**I.**    *Plaintiffs' Original Complaint*

      By way of background, at some point between 2002 and 2004, Plaintiffs, Ralph and Eleanor Schiano, defaulted on two MBNA credit card accounts. In June 2004, MBNA initiated arbitration with respect to Plaintiffs' two outstanding accounts. This arbitration resulted in two

separate arbitration awards in favor of MBNA, totaling approximately $35,000.00. Shortly thereafter, MBNA retained the law firm of Pressler and Pressler to assist in its collection of same. In this regard, MBNA filed suit in Passaic County, New Jersey to collect or otherwise enforce said arbitration awards. On October 12, 2004, the entire matter was settled by the parties, for approximately $30,000.00.

In April 2005, Plaintiffs filed a Complaint before this Court in the matter of Schiano, et al. v. MBNA, Corp., et al., Civil Action No. 05-1771 (JLL) (hereinafter referred to as "Original Complaint"). The gravamen of the Original Complaint was that despite having paid the $30,000.00 settlement amount – in satisfaction of the June 2004 arbitration awards – the two MBNA accounts still appear as delinquent on their credit reports. Plaintiffs allege, in particular, that (a) the arbitration awards entered against Plaintiffs and in favor of MBNA in October 2004 "were procured by collusion, corruption [and] fraud," and (b) Defendants "deliberately and purposefully failed to make payment[s] to MBNA for full payment and satisfaction of plaintiffs' debts as falsely promised to plaintiff[s] . . . with the intent and malicious intent to defraud plaintiffs." (Original Compl.).

While Plaintiffs did not specifically allege "mortgage fraud" in the Original Complaint, Plaintiffs did allude to such a theory. For instance, the Original Complaint alleges that, in order to pay off his debt to MBNA, Mr. Schiano was forced to obtain a "fluctuating arm mortgage" for 30 years, and that "a condition of the mortgage refinancing was that the two outstanding MBNA accounts be paid." (Original Compl. at XII). Therefore, because Defendants have "deliberately and purposefully" failed to make payments to MBNA, "the conditions of the refinancing had not been met by defendants as the plaintiffs' monies were not forwarded to MBNA. Thus, not only did defendants defraud the plaintiffs, but [they] also defrauded mortgage and title company[,] utilized for the mortgage refinancing as condition to pay off MBNA accounts was not met." [sic]. (Id.). In any event, on December 19, 2005, this Court granted Defendants' motion to compel arbitration, finding that all claims raised by Plaintiffs in the Original Complaint were subject to arbitration in light of the arbitration provision contained in the agreement governing the pertinent accounts that Plaintiffs had with MBNA. This matter has been stayed pending arbitration since December 2005.[1]

## II.   *Plaintiffs' New Complaint*

On October 9, 2007, Plaintiffs filed a Complaint, which was subsequently amended, in the matter of Schiano, et al. v. Bank of America Corp., et al., Civil Action No. 07-4869 (hereinafter referred to as "New Complaint").[2] This matter was originally assigned to the

---

[1] Plaintiffs' Original Complaint was dismissed by the Court without prejudice on August 28, 2007 based on Plaintiffs failure to initiate arbitration. Plaintiffs subsequently filed a motion for reconsideration of this Court's August 28, 2007 dismissal, which became fully briefed in September 2007. In light of Plaintiffs' representation that arbitration had, in fact, been commenced, this Court granted Plaintiffs' motion for reconsideration in January 2008 and reopened the case. This case remains stayed.

[2] Thus, "New Complaint" refers to the Amended Complaint filed by Plaintiffs on November 26, 2007 under Civil Action No. 07-4869.

Honorable Katharine S. Hayden, U.S.D.J., and was reassigned to the undersigned on February 13, 2008. Upon receiving the Order of Reassignment from Chief Judge Garrett E. Brown, U.S.D.J., this Court conducted a close review of Plaintiffs' New Complaint, as well as the parties' submissions.[3]

Plaintiffs' New Complaint expands upon the same theory, facts and series of events alleged in the Original Complaint, with a single caveat – namely, that MBNA (now Bank of America)[4] was somehow involved in underwriting the mortgage which Plaintiffs obtained in order to pay their outstanding debt to MBNA. Therefore, aside from re-alleging the contents of the Original Complaint, the New Complaint now claims that – "upon information and belief" – MBNA had a financial interest in ensuring that Plaintiffs' payments to MBNA never cleared, thus resulting in a "fraudulent scheme" and/or a "pattern of fraud" between MBNA (now Bank of America) and the various Defendants listed in both actions.

Such "pattern of fraud," as alleged in the New Complaint, is comprised of the following allegations of fraud: (1) Defendant Wolpoff & Abramson "fraudulently and falsely purchased plaintiffs' debt" to MBNA (New Compl., ¶ 10), (2) Defendants, then "defrauded and conspired to defraud plaintiffs in the procurement of fraudulent arbitration awards against plaintiffs' . . . MBNA accounts" by "fraudulently represent[ing] MBNA as arbitration claimant" (Id., ¶¶ 10, 16), (3) Plaintiffs were then further "defrauded into obtaining a refinance subprime mortgage in order to pay plaintiffs' . . . MBNA arbitration awards and debt" (Id., ¶ 20), (4) Defendants "falsely and fraudulently" failed to report Plaintiffs' MBNA accounts as paid in full (Id., ¶ 15), and (5) Defendant Bank of America (as successor to MBNA) profited from such "ongoing fraud related to both Schiano credit cards and subprime mortgage" because MBNA and/or Bank of America had "an ongoing financial interest in plaintiffs' subprime mortgage." (Id., ¶ 18).

## CONCLUSION

In light of the foregoing, it is clear to this Court that both Complaints assert claims related to the same two delinquent MBNA accounts held by the same two Plaintiffs which were subsequently settled after two arbitration awards were entered in favor of MBNA in October

---

[3] The Court notes that Defendant Wolpoff & Abramson, LLP – a Defendant to both Civil Action Nos. 05-1771 and 07-4869 – has filed a motion to stay and assess sanctions in Civil Action No. 07-4869. See CM/ECF Docket Entry No. 9. Defendant argues that the matter should be stayed pending arbitration pursuant to this Court's rulings in Civil Action No. 05-1771. Id. Defendant further argues that sanctions are warranted on the basis that Plaintiffs' counsel has unnecessarily "multiplied the proceedings" by filing a duplicative – and frivolous – second lawsuit, inasmuch as "there is no explanation or justification for the filing of this second suit, where all of the claims arise out of the underlying credit card debt are subject to binding arbitration and where each of these claims in the present action that are not included in Case A [Civil Action No. 05-1771] should have been brought in the pending NAF arbitration." Id. Although the Court need not – and will not – address the merits of this motion, Defendant's point is certainly well-taken.

[4] The New Complaint lists Bank of America as a party to this action only "as successor in interest to MBNA." See New Compl., ¶ 4.

2004.  Both Complaints further allege fraudulent conduct on behalf of Defendants (a) MBNA and/or Bank of America (as successor to MBNA), and (b) Wolpoff & Abramson, LLP, with respect to said arbitration awards and the subsequent settlement thereof.  That Plaintiffs may now wish to expand upon a theory alluded to in the Original Complaint by asserting new – <u>related</u> – claims against additional defendants, does not change the fact that (a) the "pattern of fraud" alleged in the New Complaint was born of and clearly overlaps with the very fraud alleged in the Original Complaint, and (b) this Court has already made certain legal determinations in connection with the claims raised by Plaintiffs in the Original Complaint.

     Allowing such parallel actions to proceed simultaneously serves no judicial purpose.  To the contrary, it would only result in unnecessary costs, delay and confusion to all parties, potential inconsistencies, and a waste of judicial resources – to the extent that it has not already done so.  Clearly, the more proper course of conduct in this situation would have been to request leave of this Court to amend the Original Complaint, at the appropriate stage of that litigation, rather than commencing an entirely separate cause of action without so much as notifying the undersigned.  Accordingly, in interests of judicial economy and this Court's inherent authority to manage its docket, the Clerk's Office is hereby directed to administratively terminate the instant matter as duplicative of Civil Action No. 05-1771.  An appropriate Order accompanies this Letter Opinion.

                                             Sincerely,

                                             /s/ Jose L. Linares
                                             Jose L. Linares
                                             United States District Judge